UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANKLIN L. KELLOGG, JR., )<br>)<br>    *Plaintiff*, )<br>v. )<br>)<br>CHIEF J. HART; COUNSELOR KEVIN )<br>MATTHEWS; JAIL LEGAL RESEARCH )<br>PROGRAM, )<br>)<br>    *Defendants*. ) | No. 1:06-cv-74<br>*Edgar/Carter* |

## **MEMORANDUM**

Franklin L. Kellogg, Jr. ("Kellogg") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks money damages and access to legal materials and court. However, no service shall issue and this complaint [Court File No. 3] will be dismissed for failure to exhaust administrative remedies.

### **I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Kellogg that he lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. However, Kellogg is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Kellogg is a prisoner at the Hamilton County Jail he will be **ASSESSED** the civil filing fee of **$350.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Kellogg's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District

Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Kellogg's inmate trust account; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in Kellogg's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Kellogg's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Hamilton County, the Trust Fund Officer at the Hamilton County Jail, Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Kellogg's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

---

[1] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN 37401-0591

The plaintiff will also be **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. SCREENING PURSUANT TO 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

After review of the record and the applicable law, the Court concludes the § 1983 complaint [Court File No. 3] will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** because it was prematurely filed.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege

---

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning *each* claim stated in the complaint. *See Shorter v. Campbell*, 59 Fed.Appx.673 (6th Cir. Feb. 20, 2003), (unpublished table decision), *available in* 2003 WL 463480, *2.

Kellogg has failed to follow the Hamilton County Jail procedure for resolving grievance problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections *See Hamilton*

4

*County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22.

Kellogg claims he filed grievance forms, request forms, and verbally complained to authorities. Kellogg claims he received no response to his grievances, his request forms were denied, and the authorities he spoke to offered no relief. Kellogg directed the Court to see his attachments which consist only of inmate request forms. Kellogg has failed to attached copies of any grievances or describe with specificity the claims he grieved. The complaint does not contain allegations as to the number of grievances he filed, when he filed the grievances, the subject matter of the grievances, or allegations that the claims have been exhausted as to each defendant associated with the claims contained in his § 1983 complaint. Kellogg's claim that he filed grievance forms but received no response does not satisfy his burden to describe with specificity the administrative proceeding and its outcome. Kellogg's general statement that he filed a grievance but received no response provides no specific information that would permit the Court to verify that the grievance process has been completed. There is nothing in the complaint reflecting the grievance procedure he followed, when
he filed the initial grievance form, or the specific content of the claims and identity of the parties in the grievances. Consequently, there is insufficient evidence to demonstrate Kellogg properly exhausted his administrative remedies. *See Boyd v. Corrections Crop. of America*, 380 f.3d 898, 996 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied,* 544 U.S. 920 (2005); *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal).

5

Case 1:06-cv-00074   Document 6   Filed 06/13/06   Page 5 of 6   PageID #: 5

The Court has reviewed Kellogg's allegations concerning the exhaustion issue and finds he has not demonstrated that his administrative remedies have been exhausted as to all claims raised in his complaint. Because Kellogg has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Kellogg has failed to carry his burden of showing exhaustion as to every constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter.

                                                 */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE